## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DONNELL DAVID COX, JR.,** *et al.* | * | |
| **Plaintiff,** | | |
| v. | * | **CIVIL ACTION NO. PWG-14-3408** |
| **PRINCE GEORGE'S COUNTY,** | * | |
| **MARYLAND,** *et al.* | | |
| **Defendants.** | * | |
| | ***** | |

### MEMORANDUM

On December 17, 2001, Donnell Cox, Jr. was sentenced in the Circuit Court for Prince George's County, Maryland on counts of first-degree assault and use of a handgun in the commission of a crime of violence. *See Maryland v. Cox*, No. CT010756B (Md. Cir. Ct. P.G. Cnty filed June 19, 2001). A post-conviction hearing was held on July 16, 2008 and Cox's post-conviction petition was denied on October 3, 2008. *See* http://casesearch.courts.state.md.us/inquiry/inquiry. Cox has been released from confinement.

On October 29, 2014, he filed a civil rights action on behalf of himself and family members[1] against public defenders, a police officer, judges, prosecutors, and detention facilities from Prince George's County and the State of Maryland. Cox seeks damages, alleging that he has suffered and continues to suffer from the state court's alleged refusal to correct and address matters in his criminal case. He raises a panoply of legal claims pertaining to his alleged illegal arrest, convictions, and sentence and takes issue with the state court's post-judgment review of his convictions. ECF No. 1 at pp. 5–12.

---

[1] No allegations are made to state what particular unconstitutional action was taken against Cox's parents or siblings. As such, they have no standing in this Complaint. *See Allen v. Wright*, 468 U.S. 737, 751, (1984) (to demonstrate standing, a plaintiff must allege personal injury fairly traceable to defendant's allegedly unlawful conduct); *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir.1977) (to state a civil rights

Cox additionally raises a litany of claims regarding his confinement in the Maryland Department of Public Safety and Correctional Services. ECF No. 1 at pp. 12–17. The majority of these claims are raised as general assertions and Cox provides no dates when the incidents occurred, nor named any individual defendants. Cox further raises general claims of negligence, gross negligence, fraud, mistake, and irregularity. *Id.* at pp. 20–22.

Cox seeks leave to proceed in forma pauperis. ECF No. 2. Because he avows that he owns no property, is unemployed and has little to no funds, his Motion for Leave to Proceed In Forma Pauperis shall be granted. His Complaint shall, however, be dismissed without prejudice.

Cox's claim for damages for unconstitutional imprisonment may not proceed under § 1983. A civil rights damage claim for unconstitutional imprisonment is not appropriate unless and until Cox's convictions or sentences have been reversed on appeal, expunged by executive order, declared invalid by tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *see also Ceasar v. Federal Bureau of Prisons,* 532 F. Supp.2d 1, at *4 (D. D.C. 2008); *Archilta v. Oklahoma,* 123 Fed. Appx. 852, 856-857 (10th Cir. 2005) (rationale of *Heck* applies to bar damage claim going to validity of conviction whether the cause of action is construed as filed under 42 U.S.C. § 1983 or 28 U.S.C. § 1331). Cox cannot show that his state convictions have been overturned or otherwise vacated. Therefore, his complaint for damages is barred under the rule of *Heck.*

With regard to his claims for damages regarding the conditions of his confinement, Cox's

---

claim, one must allege that he, himself, sustained deprivation of a federal or constitutional right).

contentions cannot proceed at this time as he has failed to provide sufficient specific information regarding the dates when such incidents occurred or to name proper party Defendants.  Although a Complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 569.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 547. The overwhelming majority of Plaintiff's allegations relating to his conditions of confinement are couched in general terms, and none of his allegations would allow him to proceed against any of the named defendants in this case.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Although a Complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell*

3

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Complaint must contain "enough facts to

state a claim to relief that is plausible on its face." *Id.* at 569.   Once a claim has been stated

adequately, it may be supported by showing any set of facts consistent with the allegations in the

complaint. *Id.* at 547.

Factors to consider in determining if a Complaint fails to comply with Rule 8(a) include the

length and complexity of the complaint, see, e.g., *United States ex rel. Garst v. Lockheed-Martin*

*Corp.*, 328 F.3d 374, 378 (7th Cir.2003); whether the complaint was clear enough to enable the

defendant to know how to defend himself, *see, e.g., Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir.

2000); and whether the Plaintiff was represented by counsel. *See, e.g., Elliott v. Bronson,* 872 F.2d

20, 21-22 (2d Cir. 1989).

Cox's claims regarding his confinement shall likewise be dismissed without prejudice for the

failure to comply with Federal Rule requirements.  His claims provide no particulars and do not

name proper party Defendants.[2]

A separate order effecting the ruling made in this opinion is entered herewith.[3]

Date: **0113 15**

Paul W. Grimm
United States District Judge

---

[2]      The Court observes that Cox has named the Patuxent Institution, Maryland Correctional
Training Center, and Baltimore Rescue Mission as defendants.  These facilities do not act under color of state
law and are not subject to suit under § 1983. *See Preval v. Reno,* 57 F.Supp.2d 307, 310 (E.D. Va. 1999)
("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983.");
*Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301(E.D. N.C. 1989) ("Claims under § 1983 are directed at
'persons' and the jail is not a person amenable to suit.").

[3]      In light of this decision, Cox's Motion for Appointment of Counsel shall be denied.

4